Submitted on record and brief January 19, reversed February 28, 2007

Patricia Louise MIDDLETON,
*Petitioner-Respondent,*

*v.*

Thomas William TULLY IV,
*Respondent-Appellant.*

Lane County Circuit Court
180606370; A132112

154 P3d 170

George W. Kelly filed the brief for appellant.

No appearance for respondent.

Before Landau, Presiding Judge, and Schuman and Ortega, Judges.

LANDAU, P. J.

## LANDAU, P. J.

Respondent appeals a permanent stalking protective order (SPO), challenging the sufficiency of the evidence supporting the issuance of the order. On *de novo* review, *Hanzo v. deParrie*, 152 Or App 525, 537, 953 P2d 1130 (1998), *rev den*, 328 Or 418 (1999), we reverse.

Petitioner and respondent were living together in an intimate relationship. On January 21, 2006, petitioner told respondent that she wanted to end the relationship and then moved out. Respondent asked petitioner "to give it three months," and she agreed. At some point during the following months, petitioner underwent a medical procedure that lasted three hours. Respondent called petitioner 16 times during that three-hour procedure. That evening, petitioner discussed the results of the procedure with respondent.

On March 30, 2006, petitioner again told respondent that she wanted to break up with him. He later called petitioner, suggesting that they go to the coast for the weekend. She refused, repeating that she did not want to see him again and complaining that respondent was beginning to scare her "because of his persistence." Respondent responded with a telephone message apologizing. Respondent did not contact her after that. On April 3, 2006, petitioner applied for an SPO.

At the hearing, petitioner testified to the foregoing facts. The trial court asked petitioner what made those circumstances different from the tensions that commonly accompany the end of a relationship. She replied, "I don't know, his persistence and behavior." The court asked for specifics about the sort of behavior that caused her concern. Petitioner replied, "I know that he has a temper and he gets aggravated because I don't want to talk about it anymore." Meanwhile, respondent admitted that he called petitioner 16 times during the three-hour medical procedure, but asserted that he was concerned and that it was unlike her to not call him back. The trial court found that respondent had knowingly engaged in repeated and unwanted contact with petitioner and issued a permanent SPO.

■ On appeal, respondent argues that the trial court erred, first, because the facts adduced at the hearing were legally insufficient to support the issuance of the SPO and, second, because the court had neglected to allow cross-examination of petitioner. We agree with respondent about the insufficiency of the evidence and therefore need not address his alternative contention. ORS 163.738(2)(a)(B) provides that a court may issue an SPO if it finds by a preponderance of the evidence that

> "(i) The person intentionally, knowingly or recklessly engages in repeated and unwanted contact with the other person * * * thereby alarming or coercing the other person;

> "(ii) It is objectively reasonable for a person in the victim's situation to have been alarmed or coerced by the contact; and

> "(iii) The repeated and unwanted contact causes the victim reasonable apprehension regarding the personal safety of the victim or a member of the victim's immediate family or household."

ORS 163.730(3)(d) defines a "contact" as including, among other things, "[s]ending or making written or electronic communications in any form to the other person." If the contact at issue involves speech, however, Article I, section 8, of the Oregon Constitution requires proof that the contact constitutes a threat that "instills in the addressee a fear of imminent and serious personal violence from the speaker, is unequivocal, and is objectively likely to be followed by unlawful acts." *State v. Rangel*, 328 Or 294, 303, 977 P2d 379 (1999). Telephonic communications and messages constitute speech that is subject to the protection of Article I, section 8. *Hollon v. Wood*, 204 Or App 344, 347-49, 129 P3d 709 (2006).

In this case, the record demonstrates the existence of three verbal communications between respondent and petitioner that allegedly caused her fear: (1) respondent attempted to reach her by telephone 16 times during a three-hour medical procedure; (2) respondent telephoned petitioner, requesting that they go to the coast for the weekend; and (3) respondent left a telephone message to apologize for his previous calls and to request that she call him that weekend. Petitioner did tell respondent that she was becoming

fearful because of his persistence. Petitioner does not contend, however, nor does the record reflect any evidence, that respondent threatened petitioner at any time by his words or conduct.

The crime of stalking based on contacts of communication "must consist of a threat that convincingly expresses to the addressee the intention that it will be carried out, and that the actor has the ability to do so." *Rangel*, 328 Or at 306 (emphasis omitted). There is no evidence in this record that respondent communicated such a threat to petitioner and that she was objectively put in fear of imminent and serious personal violence as a result. The trial court therefore erred in entering the permanent SPO.

Reversed.